UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVANS TUTT,

    Plaintiff

v.

ISIDRO BACA, et. al.,

    Defendants

Case No.: 3:19-cv-00198-MMD-WGC

**Order**

Re: ECF No. 41

    Plaintiff, through his inmate assistant Peter Bergna, has filed a motion advising the court he is currently in hospice care at NNCC, and is quite incapacitated and unable to write, read, or draft legal briefs, and is suffering in severe physical and mental pain. He asks the court to substitute a personal representative, Erica Carey (his aunt), upon his death pursuant to Federal Rule of Civil Procedure Rule 25. (ECF No. 41)

    The court cannot effectuate the relief Plaintiff seeks under Rule 25 at this time; however, to the extent Plaintiff contends that he is incapacitated, and is incompetent to continue litigating this action on his own, the court must appoint a guardian ad litem under Federal Rule of Civil Procedure 17(c), after making a determination that Plaintiff is in fact incompetent to understand the nature and effect of this litigation. Fed. R. Civ. P. 17(c); *Harris v. Magnum*, 863 F.3d 1133, 1138 (9th Cir. 2017); *Davis v. Walker*, 745 F.3d 1303 (9th Cir. 2014).

    Plaintiff shall, as expeditiously as possible given his condition, file the contact information for his aunt, Erica Carey, with the court so that Ms. Carey can participate in the hearing telephonically and the court may determine her willingness to serve as a guardian ad litem over Plaintiff. Plaintiff's inmate assistant, Peter Bergna, shall also participate in the hearing

telephonically. After Ms. Carey's contact information is filed with the court, the court will calendar this matter for a hearing to determine Plaintiff's competency for the purpose of appointment of a guardian ad litem.

**IT IS SO ORDERED**.

Dated: April 23, 2021

_____
William G. Cobb
United States Magistrate Judge