# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EVANS TUTT,

    Plaintiff

v.

ISIDRO BACA, et. al.,

    Defendants

Case No.: 3:19-cv-00198-MMD-WGC

**Order**

Re: ECF No. 43

    Before the court is Plaintiff's Amended Motion to Substitute Parties. (ECF No. 43.)

    Plaintiff, through inmate assistant Peter Bergna, previously filed a motion for substitution of personal representative under Federal Rule of Civil Procedure 25. In that motion, Plaintiff stated that he is in hospice care at Northern Nevada Correctional Center (NNCC), and is incapacitated and unable to write, read, or form legal briefs, and is in extreme physical and mental pain. He asked that his aunt, Erica Carey, be appointed his personal representative under Rule 25. (ECF No. 41.)

    The court issued an order advising Plaintiff that it could not effectuate the relief Plaintiff seeks under Rule 25 at this time; but, to the extent Plaintiff asserts he is incapacitated and incompetent to continue litigating this action on his own, the court may appoint a guardian ad litem under Federal Rule of Civil Procedure 17(c) after making a determination Plaintiff is in fact incompetent to understand the nature and effect of this litigation. To that end, the court ordered Plaintiff to, as expeditiously as possible given his condition, file the contact information for his aunt with the court so that she can participate in a telephonic hearing so that the court can determine her willingness to serve as a guardian ad litem. The court also stated that it would

allow Plaintiff's inmate assistant, Peter Bergna, to participate in the telephonic hearing. The court advised that it would schedule the telephonic hearing after Ms. Carey's contact information was filed with the court. (ECF No. 42.)

In Plaintiff's most recent motion, also filed by Plaintiff's inmate assistant, Peter Bergna, Plaintiff states that he now asks the court to accept as his personal representative at his death under Rule 25 an individual by the name of Charles Johnson, for whom Plaintiff has provided a mailing address, and Erica Carey, who Plaintiff previously identified as his aunt, but has still not provided any contact information. (ECF No. 43.)

The court will set this matter for a telephonic hearing to discuss Plaintiff's request for substitution of his personal representative under Rule 25, as well as the possibility of appointing a guardian ad litem under Rule 17. The Clerk shall send a copy of this order to Charles Johnson, at the address set forth in ECF No. 43. Mr. Bergna will also be permitted to participate in the telephonic hearing. In the meantime, Plaintiff shall file the contact information for Ms. Carey so that the court may provide her notice of the hearing and afford her an opportunity to participate.

**IT IS SO ORDERED**.

Dated: May 28, 2021

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　William G. Cobb
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge